UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LARRY J. WILLIAMS, JR.          :
                                :
v.                              :   C.A. No. 19-00295-WES
                                :
DANIEL MARTINE [sic] (WARDEN)   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On May 23, 2019, Petitioner Larry J. Williams, Jr. filed a habeas corpus Petition under 28 U.S.C. §§ 2241 and 2255. (ECF Doc. No. 1). He also filed a Motion to Proceed in Forma Pauperis ("IFP"). (ECF Doc. No. 2). Petitioner is apparently in military custody and presently held at the Donald W. Wyatt Detention Facility located in this District.

Because this is plainly an unauthorized second or successive petition, I recommend that the Petition be DISMISSED and the IFP Motion be DENIED as moot.

In 2015, Petitioner unsuccessfully sought federal habeas corpus relief in the District of Kansas. See Williams v. Ledwith, C.A. No. 14-3169-KHV, 2015 WL 5714263 (D. Kan. 2015). He was incarcerated in military custody at Fort Leavenworth, Kansas at the time. His Petition was denied and dismissed on the merits on September 29, 2015. Id. He unsuccessfully appealed the decision to the Tenth Circuit Court of Appeals. The District Court's denial of his habeas Petition was affirmed by the Tenth Circuit on December 20, 2016. See Williams v. Ledwith, 671 Fed. Appx. 719 (10th Cir. 2016).

On June 27, 2016, Petitioner commenced another habeas corpus action in the District of Connecticut. See Williams v. United States, Case No. 3:16-cv-01067-VAB (D. Conn.). On November 21, 2018, Judge Bolden of the District of Connecticut denied the habeas Petition as an

"uncertified, successive habeas corpus petition" pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). Williams v. United States, Case No. 3:16-cv-01067-VAB, 2018 WL 6111131 (D. Conn. 2018). Pursuant to 28 U.S.C. § 1631, the Court exercised its discretion to transfer the case to the Tenth Circuit. On March 6, 2019, the Tenth Circuit Court of Appeals dismissed the transferred Petition because Petitioner failed to file a motion for authorization to file a second or successive petition. See ECF Doc. No. 21 in Case No. 3:16-cv-01067-VAB (D. Conn.).

Petitioner has not presented this Court with a Court of Appeals Order authorizing a second or successive petition. In addition, he indicates "[d]on't recall at this point in time" in his Petition in response to a question about prior filed petitions. (ECF Doc. No. 1 at p. 3, Question 10(a)). He also answers "No" to the question asking if he has ever filed a motion in the Court of Appeals seeking permission to file a second or successive petition. Id. at p. 4, Question 10(b).

**Conclusion**

Based on this history, this is plainly an unauthorized second or successive Petition, and I recommend that it be DISMISSED as such pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). I also recommend that the IFP Motion be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 6, 2019